GIRARDI | KEESE
JOHN A. GIRARDI, State Bar No. 54917
jgirardi@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRISTINE ANTHONY, et al. ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUENA VISTA HOME<br>ENTERTAINMENT INC., et al. ,<br><br>　　　　Defendant. | Case No. 2:15-cv-09593-SVW-JPR<br><br>**PLAINTIFF, CHRISTINE ANTHONY, ET ALS' OPPOSITION TO DEFENDANT STUDIOS' NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE, CAL. CODE OF CIV. PROC. 425.16 *ET SEQ.*** |

Date:　　March 21, 2016
Time:　　1:30 P.M.
Crtrm.:　6, 2nd Floor

The Hon. Stephen V. Wilson

PLAINTIFF, CHRISTINE ANTHONY ET ALS' OPPOSITION TO DEFENDANT STUDIOS' MOTION AND
SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ......................................................................................1

II.   LEGAL STANDARD...............................................................................2

III.  STATEMENT OF FACTS ........................................................................3

IV.   ARGUMENT ............................................................................................4

    A.    Defendants' Conduct is Not Connected with a Public Issue ..................4

    B.    Defendants' Conduct Constitutes Commercial Speech ..........................6

    C.    Plaintiffs Can Prove a Probability of Prevailing on Their Claims ..........8

        1.    The Standard Under the Second Prong of the Anti-SLAPP
            Statute is Low................................................................................8

        2.    Plaintiffs' Misrepresentation Claims Will Succeed ......................9

            (a)    Plaintiffs can Prove That Defendants'
                 Misrepresentations are "Likely to Deceive" ......................9

            (b)    Plaintiffs Can Prove Reliance ............................................11

        3.    Plaintiffs' Warranty Claims Will Succeed ..................................12

            (a)    Implied Warranties Apply to the DVD Purchases............12

            (b)    Defendants' Failure to Caption All Song Lyrics
                 Rendered Their Movies and Television Shows Unfit
                 for Ordinary Use ...............................................................14

        4.    Plaintiffs' Unruh Act Claim Will Succeed ..................................15

V.    CONCLUSION........................................................................................16

PLAINTIFF, CHRISTINE ANTHONY'S OPPOSITION TO DEFENDANT STUDIOS' MOTION AND SPECIAL
MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE

# **TABLE OF AUTHORITIES**

**Page**

**Federal Cases:**

*Duncan v. Cohen*, 2008 WL 2891065 at *2 (N.D. Cal. 2008)....................4

*Feldman v. Pro Football, Inc.,* 419 Fed Appx. 381 (4th Cir. 2011)............9

*In re Toyota Motor Corp.,* 790 F. Supp. 2d 1152 (C.D. Cal. 2011)............11

*Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097 (9th Cir. 2003).................9

**State Cases:**

*Atkinson v. Elk Corp.,* 109 Cal. App. 4th 739 (2003)............................12

*Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106

(2003)......................................................................................6

*Cardinal Health 301, Inc.* v. *Tyco Elecs. Corp.,*

169 Cal. App. 4th 116 (2008)....................................................14

*Comm. on Children's Television, Inc.,* 35 Cal.3d 197 (Cal.1983)..............9

*Dyer v. Childress,* 147 Cal. App. 4th 1273 (2007). ............................4,5

*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.,*

742 F. 3d 414 (9th Cir. 2014).................................................5,15

*Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142(Cal. 1991).........15

*HMS Capital, Inc. v. Lawyers Title Co.,* 118 Cal.App.4th 204 (2004)..........8

*Ingels v. Westwood One Broad. Serv.s, Inc.,*

129 Cal. App. 4th 1050(2005)....................................................4

PLAINTIFF, CHRISTINE ANTHONY'S OPPOSITION TO DEFENDANT STUDIOS' MOTION AND SPECIAL
MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE

*In re Tobacco II Cases,* 46 Cal. 4th 298 (Cal. 2009)..............................11

*Koebke v. Bernardo Heights Country Club,* 36 Cal. 4th 824 (Cal. 2005)......15

*Lavie v. Procter & Gamble Co.,* 105 Cal. App. 4th 496 (2003) .................9

*Martinez v. Metabolife Intern., Inc.,* 113 Cal. App.4th 181

(Cal.Ct.App. 2003) ..............................................................13

*Navellier v. Sletten,* 29 Cal. 4th 82 Cal. 2002)..................................3,8

*Paul for Council v. Hanyecz,* 85 Cal. App. 4th 1356 (2001)...................2,3

*Consumer Justice Center v. Trimedica Int'l, Inc.,*

107 Cal. App.4th 595 (2003)...................................................6,7

*Soukup v. Law Offices of Herbert Hafif,* 39 Cal. 4th 260 (2006)................8

*Wilcox v. Super. Ct.,* 27 Cal. Capp. 4th 809 (1994)..............................8

**State Statutes:**

Cal. Civ. Proc. Code §425.16...................................................2

Cal. Code. Civ. Proc. §425.16(a)..............................................1, 2

Cal Code. Civ. Proc. §425.16(b)(1)..............................................6

Cal. Civ. Code §1791 (n)(1)(2).................................................13

Cal. Civ. Code §1791.1(a).....................................................14

**Other Authorities:**

RubberDisc.com, *Need a CD repair or DVD repair?* (Feb. 1, 2016),

http://rubberdisc.com/ .......................................................12

iii                          Case No. 2:15-cv-09593-SVW-JPR

PLAINTIFF, CHRISTINE ANTHONY'S OPPOSITION TO DEFENDANT STUDIOS' MOTION AND SPECIAL
MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE

Plaintiffs Christine Anthony et al, by and through their attorneys, Girardi | Keese, responds to Defendant Studios' Motion to Strike Plaintiff's Complaint Under the California Anti- SLAPP Statute, and states:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiffs are deaf or hard of hearing and require captioning or subtitling to understand words of lyrics in movies and television shows. Defendants market their movies, television shows and DVDs as being fully captioned or subtitled, however, these movies and shows do not contain captions or subtitles for song lyrics accompanying the movie or the show. Due to Defendants' wrongful conduct, Plaintiffs purchased and rented DVDs, bought movie theater tickets and paid for access to streaming movies and shows for which they did not have full access. Further, Plaintiffs became further isolated from those family and friends without hearing loss when they watched these inadequately captioned movies and shows together.

Contrary to the purpose of California's anti-SLAPP law, a statute which was implemented "to encourage the continued participation in matters of public significance," Cal. Code. Civ. Proc. §425.16(a),  and to "allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Intern., Inc. v. Wornick,* 264 F. 3d 832, 839 (9th Cir. 2001, Defendants ask this Court to find that Plaintiffs' action is a Strategic

1                                Case No. 2:15-cv-09593-SVW-JPR

PLAINTIFF, CHRISTINE ANTHONY ET ALS' OPPOSITION TO DEFENDANT STUDIOS' MOTION AND
SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE

1  Lawsuit Against Public Participation("SLAPP") In reality, Plaintiffs do not seek to

2  hinder any alleged first amendment expression, rather they 1) seek redress for the

3

4  monies spent on movies and television shows that were not fully accessible for the

5  deaf population, and 2) seek to enable members of the deaf and hard of hearing

6  populations in having full access to movies and television shows going forward. By

7

8  not having access to  music lyrics, no matter how nonsensical, plaintiffs are denied

9  the opportunity to participate in the full entertainment experience. Ultimately,

10  Defendants' motion should be denied, as: 1) Plaintiffs' claims do not arise from acts

11

12  in furtherance of the right to free speech in connection with a public issue and 2)

13  Plaintiffs are able to demonstrate a probability that they will prevail on the merits of

14  their other claims.

15

16  ## II.   LEGAL STANDARD

17       Defendants move to strike Plaintiffs' Complaint and dismiss their causes of

18  action based upon Cal. Civ. Proc. Code §425.16, commonly referred to as

19

20  California's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute.

21  The statute was enacted to strike and dismiss lawsuits brought primarily to chill the

22  valid exercise of the constitutional rights of freedom of speech. Cal. Civ. Proc.

23  Code §425.16.

24

25       Section 425.16 requires a two-step process in determining whether to grant an

26  anti-SLAPP motion. "First, the court decides whether the defendant has made a

27  threshold prima facie showing that the defendant's acts, of which the plaintiff

28

complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue." *Paul for Council v. Hanyecz,* 85 Cal. App. 4th 1356, 1364 (2001).

If the court finds the defendant has made the requisite showing, the burden then shifts to the plaintiff to establish a "probability" of prevailing on the claim by making a *prima facie* showing of facts that would, if proven, support a judgment in the plaintiff's favor. *Id.* The court may consider the defendant's opposing evidence, but only to determine if it defeats the plaintiff's showing as a matter of law. *See id.* "Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAAP, subject to being stricken under the statute." *Navellier v.* Sletten, 29 Cal. 4th 82, 89 (Cal. 2002).

### III.   <u>STATEMENT OF FACTS</u>

This consumer class action was brought on behalf of Plaintiffs who are deaf of hard of hearing. (Complaint, ¶¶1-9). Plaintiffs require captioning or subtitling to understand the words or lyrics in movies and television shows. *Id.* Plaintiffs and class members: (1) purchased tickets to view a movie, distributed or produced by Defendants in a theater that was advertised as fully captioned, (2) purchased, rented or otherwise obtained a mislabeled DVD product distributed or produced by Defendants, with the expectation that it contained English subtitles, or subtitles for the Deaf and Hard of Hearing, or (3) purchased or rented via streaming media,

movies or television shows that were advertised as containing English subtitles, or subtitles for the Deaf and Hard of Hearing. (Complaint, ¶24).

The DVDs produced and distributed by Defendants were enclosed in packaging advertising that the DVDs were subtitled. (Complaint, ¶34). Defendants label these movies or television shows, with language suggesting that the entire movie or show if fully captioned. *Id*. Movies exhibited in theaters were expressly represented as being fully captioned. (Complaint, ¶ 27(c). Many of these movies and television shows, however, are not fully captioned, as the music and song lyrics are not captioned or subtitled. (Complaint, ¶39).

Due to the acts of Defendants, Plaintiffs and class members are paying for theater tickets, DVDs or streaming of television shows and movies that they do not have full access to. (Complaint, ¶41). Plaintiffs and class members are not only purchasing movie or show products of lesser value, but being further isolated from their family and friends when they watch movies and shows together. (Complaint, ¶41,42). As a result, Plaintiffs filed this action.

## IV.   ARGUMENT

### A.   Defendants' Conduct is Not Connected with a Public Issue

"When considering a section 425.16 motion, a court must consider the actual objective of the suit and grant the motion if the *true goal* is to interfere with and burden the defendant's exercise of his free speech and petition rights." *Duncan v. Cohen*, 2008 WL 2891065 at *2 (N.D. Cal. 2008) (citing *Ingels v. Westwood One*

*Broad. Serv.s, Inc.,* 129 Cal. App.4th 1050, 1064 (2005). The inquiry turns on "the specific nature of the speech rather than generalities abstracted from it." *Dyer v. Childress,* 147 Cal. App. 4th 1273, 1280 (2007).

Plaintiffs do not dispute that movies involve free speech, *Joseph Burstyn, Inc. v. Wilson,* 343 U.S. 495, 500 (1952). In their motion, Defendants reference the *GLAAD* matter, in which Greater Los Angeles Agency on Deafness ("GLAAD") asserted claims under California's Unruh Civil Rights Act and the California Disabled Persons Act, due to CNN's failure to caption videos on its website. *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.,* 742 F. 3d 414, 419 (9th Cir. 2014). The Court concluded that CNN 's conduct was in furtherance of its free speech rights on a matter of public interest. *Id.* at 424. The Court further stated :

> [nor] do we suggest that the broad construction of the anti-SLAPP statute triggers its application in any case marginally related to a defendant's exercise of free speech. We adopt instead a much more limited holding: where… an action directly targets the way a content provider chooses to deliver, present or publish news content on matters of public interest, that action is based on conduct in furtherance of free speech rights and must withstand scrutiny under California's anti-SLAPP statute.

*Id.* In the GLAAD matter, however, the Court found that CNN had satisfied

the first prong of the anti-SLAAP statute with different facts from those in this matter. The *GLAAD* plaintiffs did not allege warranty and misrepresentation claims, as CNN was not marketing or advertising that it's product was fully captioned. In this case, Plaintiffs relied on Defendant's statements and advertising in purchasing, renting and streaming movies and shows that they believed to be fully captioned, including the lyrics to songs that are integral to the movie. For the foregoing reasons, Defendants' Conduct constitutes commercial speech, and therefore, it is not in connection with a public interest. As a result, Defendants cannot show that Plaintiffs' claims arise from an act in furtherance of the right to petition or free speech in connection with a public issue. Cal Code. Civ. Proc. §425.16(b)(1).

## B.  Defendants' Conduct Constitutes Commercial Speech

In determining whether the "defendant's alleged acts fall under the first two prongs of §425.16 (e)… the defendant is not required to independently demonstrate that the matter is a public issue within the statute's meaning." *Consumer Justice Center v. Trimedica Int'l, Inc.*, 107 Cal. App.4th 595, 600 (2003). If "the defendant's alleged acts fall under the third or fourth prongs of subdivision (e), there is an express" issue of public interest" limitation." *Id.* (citing (*Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1113 (2003).

In *Consumer Justice Center,* the plaintiffs sued the defendant for consumer fraud and related claims over advertisements for the pill, Grobust. *Id.* at 598. The

1  advertisements for the pill included endorsements of breast growth, and the product

2  was promoted it as a natural alternative to breast implants. *Id.* at 599. In evaluating

3
4  the defendant's anti-SLAPP motion, the *Consumer Justice Center* court held that

5  defendant's advertisements were commercial speech, as they did not discuss herbal

6  supplements "in general," rather the speech was about the "specific properties and

7
8  efficacy of a particular product." *Id. at 601.* The court further opined:

9

10      The stated intent of the anti-SLAPP statute is 'to encourage continued

11
12      participation in matters of public significance.' No logical interpretation of

13      this statement suggests that 'matters of public significance' include

14
15      specific advertising statements about a particular commercial product,

16      absent facts which truly make that product a matter of genuine public

17      interest...

18

19
20  *Id.* at 602. Similar to the defendant's advertisement in the *Consumer Justice*

21  *Center* matter, Defendants' advertisements pertained to the particular "properties and

22
23  efficacy" of their movies and television shows. Defendants' statements did not

24  pertain to captioning in general for the film industry, rather they pertained to the

25  particular product that the Defendant was selling, renting or streaming. As a result,

26  Plaintiffs and other class members relied to their detriment when spending money

27
28  on movies and shows Defendants' statements did not pertain to captioning in general

for the film industry. Since Defendants' actions are not in connection with a public issue, their motion should be dismissed.

## C.   Plaintiffs Can Prove a Probability of Prevailing on Their Claims

Even if Defendants are found to have satisfied the first prong of the anti-SLAPP statute, Plaintiffs are able prevail regarding the second prong. Since "[o]nly a cause of action that satisfies both prongs of the anti-SLAPP statute- i.e., that arises from protected speech or petitioning and lacks even minimal merit- is a SLAPP, subject to being stricken under the statute, the Court should dismiss Defendants' motion in its entirety.

### 1.   The Standard Under the Second Prong of the Anti-SLAPP Statute is Low

Plaintiffs have fulfilled the standard in accordance with the second prong of the anti-SLAPP statute. "To satisfy due process, the burden placed on the plaintiff must be compatible with the early stage at which the motion is brought and heard." *Wilcox v. Super. Ct.*, 27 Cal. Capp. 4th 809, 824 (1994).  The California Supreme Court has opined that Plaintiffs must demonstrate solely that their claim has "minimal merit" to satisfy the "probability of prevailing" burden under the second prong of the anti-SLAPP statute. *Navellier*, 29 Cal. 4th at 89; *Soukup v. Law Offices of Herbert Hafif,* 39 Cal. 4th 260, 291 (2006) ("[T]he anti-SLAPP statute requires only a minimum level of legal sufficiency and triability.")(internal quotation marks and citation omitted) It is "the "'court's responsibility ... to accept as true the

1    evidence favorable to the plaintiff..." *Soukop*, 39 Cal. 4th at 260 (citing *HMS Capital,*

2    *Inc. v. Lawyers Title Co.,* 118 Cal.App.4th 204, 212.  (2004).

### 2.    Plaintiffs' Misrepresentation Claims Will Succeed

### (a)    Plaintiffs can Prove That Defendants' Misrepresentations are "Likely to Deceive"

Plaintiffs are able to demonstrate that their misrepresentation claims have merit to satisfy the second prong of the anti-SLAPP statute. First, there is a question of fact as to whether Plaintiffs and other members of the deaf and hard of hearing class constitute a vulnerable population for purposes of the "reasonable person" standard. Where advertising targets a particularly susceptible audience, "it's truthfulness must be measured by the impact it will likely have on members of that group, not others to whom it was not primarily directed."  *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506 (2003) (citing *Comm. on Children's Television, Inc.,* 35 Cal.3d 197 ( Cal.1983). Whether  a representation is deceptive for a non-vulnerable, reasonable person, almost always presents a question of fact. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir. 2003).

Even though Defendants' argument are premature, Plaintiffs have still adequately plead that Defendants' actions were likely to deceive the general public or targeted consumers. Plaintiffs alleged that they purchased DVDs, rented and purchased movies and streamed television shows that were advertised as having captions, English subtitles or subtitles for the deaf and hard of hearing, only to find

PLAINTIFF, CHRISTINE ANTHONY'S OPPOSITION TO DEFENDANT STUDIOS' MOTION AND SPECIAL
MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE

out that the musical lyrics were not subtitled or captioned. Comp. ¶¶1-9. Plaintiffs

further alleged that DVD packaging indicating that the movie was fully subtitled,

did not indicate that the subtitling was limited in any way. Comp.¶ 34.  In *Feldman*

*v. Pro Football, Inc.,* a case pertaining to the captioning of music lyrics during

professional football games, the Fourth Circuit opined:

> The lyrics may be nonsensical, as defendants point out, but even
> nonsensical lyrics may enhance the environment…By having access to the
> lyrics, plaintiffs have the opportunity to participate in the communal
> entertainment experience.  Without access to lyrics played… plaintiffs
> would not fully and equally experience the planned and synchronized
> promotional entertainment…

*Feldman v. Pro Football, Inc.,* 419 Fed Appx. 381, 391-392 (4th Cir. 2011).

Similarly, Plaintiffs and class members in this case are reasonable to believe that a

movie or show that is fully captioned or subtitled to participate in the full

entertainment experience that the movie or television show provides.

Defendants additionally suggest that reasonable consumers would not expect

DVDs, movies and shows to be fully captioned, despite advertising to the contrary,

as Plaintiffs have viewed numerous television shows and movies in which the movie

or show's lyrics are not fully captioned.  Plaintiffs, however, could expect that

Studios may differ in their policies regarding captioning and subtitling. A reasonable

consumer could also believe that a particular studio would change its practices over

10

time, resulting in the full captioning of the movie or show. Ultimately, Plaintiffs have no choice in renting, purchasing or streaming Defendants' movies or shows when they want to watch a movie or show, as Defendants are the primary creators and distributors of popular shows and films.

Further, Defendants suggest that reasonable consumers could not have a particular expectation about the completeness of captions because of the *Boltz* settlement. Defendants' arguments fail, however, as the plaintiffs in this class may not have been members of the other class subject to the settlement, and even if they were, they would note that section of the settlement referenced pertains to captioning of songs in the Bonus Materials. Defendants' Motion to Dismiss, Ex. A, §2.3(B)(iii)(2)(ii)("Def. M. to Dismiss").

### (b) **Plaintiffs Can Prove Reliance**

Plaintiffs can additionally prove reliance for purposes of their misrepresentation claims. "[A] presumption of reliance 'arises wherever there is a showing that a misrepresentation was material.'" *In re Toyota Motor Corp.,* 790 F. Supp. 2d 1152, 1168-1169 (C.D. Cal. 2011) (quoting *In re Tobacco II Cases,* 46 Cal. 4th 298, 327 (Cal. 2009). "'A misrepresentation is judged to be 'material' if 'a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *Id.*

Plaintiffs can prove "reliance," as they have plead that Defendants "expressly represented  on the DVD packaging that the products would provide English

subtitles, or subtitles for the deaf and hard of hearing and that all features on the products were subtitled." Compl. ¶27(a). Plaintiffs further allege that the DVD packaging did not indicate that the subtitles are limited in any way and that movies were advertised as captioned and shows were advertised as subtitled . Comp. ¶34. A reasonable consumer, however, could expect that studious would vary in their policies with regards to the amount of captioning or subtitling that they include. Further, a reasonable consumer could reasonably rely on the possibility that one Studio's policies regarding the amount that they caption would change.

### 3. **Plaintiffs' Warranty Claims Will Succeed**

#### (a) **Implied Warranties Apply to the DVD Purchases**

California provides that "consumer goods" are products or parts of that are "used, bought, or leased for use primarily for personal, family, or household purposes, except for clothing and consumables." Cal. Civ. Code §1791(a). Plaintiffs have adequately alleged a sale of consumer goods, in that they have alleged that they have purchased DVDs that were advertised as being fully captioned, when the movie or show, in fact, did not include captioning for lyrics of the songs. Compl. ¶¶1-9. For purposes of California implied warranty claims, consumer goods have been defined as those that be moved, serviced or repaired. *Atkinson v. Elk Corp.,* 109 Cal. App. 4th 739, 757 (2003). The DVDs subject to this litigation are readily movable and can be repaired when they sustain scratches or other "general wear and tear." RubberDisc.com, *Need a CD repair or DVD repair?* (Feb. 1, 2016),

1  http://rubberdisc.com/ .

2  Defendants erroneously argue that Plaintiffs are stretching implied warranty

3
4  claims to cover the content of movies and television shows. Plaintiffs, however, are

5  not targeting the content of the movie or show itself. It is the nature of the product

6  that is problematic, as Plaintiffs cannot fully access, and therefore, enjoy the content

7
8  of the DVD itself. To compare, if a DVD was advertised as having sound for the

9  hearing population, and the Studios did not provide the requisite sound design, that

10  DVD would also be unmerchantable.

11
12  Further, Plaintiffs can prove a sale of consumer goods for purposes of section

13  1792. Defendant's fail to include the second definition of a "sale" in accordance with

14
15  this statute. A "sale" is not only (1) the passing of title from the seller to the buyer

16  for a price, but (2) a consignment for sale. Cal. Civ. Code §1791 (n)(1)(2). Implied

17  warranty of merchantability is breached "when the goods do not conform to the

18
19  promises or affirmations contained on the container or label or are not fit for the

20  ordinary purposes for which the goods are used." *Martinez v. Metabolife Intern.,*

21  *Inc.,* 113 Cal. App.4th 181, 187 (Cal.Ct.App. 2003).  Plaintiffs can succeed on an

22
23  implied warranty claim as they have plead a "sale" of consumer goods, in that they

24  have alleged that they have purchased DVDs that were advertised as being fully

25  captioned, when the movie or show, in fact, did not include captioning for lyrics of

26  the songs. Comp. ¶¶1-9. The DVDs purchased by Plaintiffs constitute a

27
28  consignment for sale, and therefore, regardless of whether they have obtained title

13

from the seller, have adequately alleged a sale for purposes of their warranty claims.

(b)   <u>Defendants' Failure to Caption All Song Lyrics<br>Rendered Their Movies and Television Shows Unfit for<br>Ordinary Use</u>

Plaintiffs adequately alleged that Defendants' movies and television shows are unfit for ordinary use due to the lack of captioning for song lyrics, as they: (1) are not fit for the ordinary purpose for which such goods are used, (2) are not adequately labeled and (3) don't conform to the promises or affirmations of fact made on the label. Cal. Civ. Code §1791.1(a).

Plaintiffs' adequately plead that the movies and television shows did not possess "even the most basic degree of fitness for ordinary use," as they are unable to experience the full entertainment value of the movies and shows without lyrics to the featured songs. Despite advertising that DVDs and television shows and movies available via streaming media were subtitled and movies were captioned, and were not limited in any way, captioning and subtitling for song lyrics were often not included. Compl. ¶¶34- 38.  Plaintiffs allege that song lyrics are often used to explain the premise or theme of the movie or show, and can otherwise be crucial to the plot. Compl. ¶39. Without being able to understand key parts of the movies or television shows through lyrics, the movies and shows are not sufficient to meet the most basic degree of fitness, and are therefore, unmerchantable.

In addition, Plaintiffs are able to that the Studios had reason to know that

14

Plaintiffs are wishing for movies "for a particular purpose" and are relying on the Studios' "skill and judgment to furnish those goods." *Cardinal Health 301, Inc.* v. *Tyco Elecs. Corp.,* 169 Cal. App. 4th 116, 138 (2008).  Plaintiffs are able to adequately plead that they were purchasing movies and television shows for entertainment. However, for the deaf and hard of hearing populations, captions are required to enable them to identify "content, speakers, sound effects, music and emotions…" *Greater L.A. Agency on Deafness, Inc.*, 742 F. 3d at 419. (2014). Plaintiffs purchased, rented and streamed the movies and television shows for the particular purpose of understanding and enjoying the movies and shows. Compl.¶¶1-9. Defendants had reason to know that Plaintiffs and class members were relying on Defendants to furnish movies and shows that were fully captioned to meet the needs of the deaf community. Compl. ¶54. AS a result, Plaintiffs will be able to make a successful claim for a breach of implied warranty.

### 4.   **Plaintiffs' Unruh Act Claim Will Succeed**

"[T]he Unruh [Civil Rights] Act secures equal access to public accommodations and prohibits discrimination by business establishments." *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1150 (Cal. 1991). Although it has been held that a disparate impact analysis or test does not apply to Unruh Act claims, the Supreme Court of California has acknowledged that "evidence of disparate impact could be admitted in Unruh Civil Rights Act cases because 'such evidence may be probative of intentional discrimination in some cases'…." *Koebke*

*v. Bernardo Heights Country Club,* 36 Cal. 4th 824, 854 (Cal. 2005) (citing *Harris,* at 1175).

Plaintiffs' Unruh Claim will succeed, as they have plead that Defendants' advertised that their movies were fully captioned, when they knew that the movies and shows did not include captioning for all song lyrics. Comp. ¶¶71,72, 77. By knowing that this population requires captioning have full access to movies, Defendants have intentionally discriminated in public accommodations in violation of the Unruh Act. Furthermore, Plaintiffs' have adequately alleged that two Plaintiffs are citizens of California. ¶¶5,9. Evidence of the disparate impact against the deaf population should be included to prove intentional discrimination on behalf of the Plaintiffs.

## V.    **CONCLUSION**

Defendants' motion fails to provide ample basis, in law or in fact, to support dismissal of Plaintiffs' claims at this stage. Plaintiffs' claims do not arise from acts in furtherance of the right to free speech in connection with a public issue and Plaintiffs are able to demonstrate a probability that they will prevail on the merits. Accordingly, Plaintiffs respectfully requests that this Court deny Defendants' Special Motion to Strike Plaintiff's Complaint Under the California Anti-SLAPP Statute.

1

2    DATED:  February 26, 2016          GIRARDI | KEESE

3

4                                       By:      /s/ John A. Girardi

5                                               JOHN A. GIRARDI

6                                               Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF, CHRISTINE ANTHONY'S OPPOSITION TO DEFENDANT STUDIOS' MOTION AND SPECIAL
MOTION TO STRIKE PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE