UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO STRIKE [18]; GRANTING MOTION TO DISMISS [19].

Plaintiffs Christine Anthony et al ("Plaintiffs") bring this putative consumer class action against Defendants Buena Vista Home Entertainment Inc. et al ("Defendants" or "Studios"). Presently before the Court are Defendants' motion to dismiss pursuant to Federal Rule of Civil procedure 12(b)(6) and motion to strike pursuant to California's anti-SLAPP statute. For the reasons stated below, the Court GRANTS Defendants' motions.

## I. Background

Plaintiffs are consumers who are deaf or hard of hearing and require captioning or subtitling to understand words or lyrics in movies and TV shows. Compl. ¶¶ 1-9. Plaintiffs have purchased or rented numerous DVDs and Blu-ray discs (collectively "DVDs"), viewed movies in theaters, and streamed movie content via streaming or Video on Demand services. *Id.* Defendants produce the aforementioned movies and TV shows purchased, rented, or viewed by Plaintiffs. *Id.* ¶¶ 10-17.

Plaintiffs allege that Defendants produced and distributed (1) DVDs enclosed in packaging with language advertising the DVDs as subtitled, (2) movies advertised as captioned, and (3) movies or TV shows advertised as subtitled via online streaming services. *Id.* ¶ 34. In particular, Plaintiffs allege that these movies and TV shows were advertised with language such as "captioned, English subtitles, or subtitles for the Deaf and Hard of Hearing." *Id.* These movies and TV shows included, without

________ : ________

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

limitation, *The Avengers* (I-II), *Iron Man* (I-III), *Thor II*, *Minions*, *Princess Diaries* (I-II), *Captain America* (I-II), *Thor*, *X-Men* (I-III), *Selma*, *Skyfall*, *Guardians of the Galaxy*, *Orange is the New Black*, *House of Cards*, *Kingsman: The Secret Service*, *Rocky*, *The Karate Kid*, *Rudy*, *Field of Dreams*, *The Godfather*, *Funny Girl*, *Interstellar*, *Wet Hot American Summer*, *The Theory of Everything*, *Still Alice*, *The Big Bang Theory*, *The Good Wife*, *Beverly Hills Cop*, *Top Gun*, *Rain Man*, *Nine to Five*, *Major League*, *Die Hard*, *Cars*, *Parenthood*, *Community* (seasons 1-4), *Family Tree*, *Magic Mike*, *The Fault in Our Stars*, *Cactus Flower*, *Country Strong*, *Grey's Anatomy* (season 1), *Murphy Brown*, and *Treme*. (*Id.* ¶¶ 1-9, 36).

However, Plaintiffs contend that despite being advertised as captioned or subtitled (collectively "subtitled"), the movies and TV shows were not fully subtitled. *Id.* ¶ 38. In particular, the movies and TV shows did not include subtitles for music and song lyrics. *Id.* Plaintiffs contend that music and song lyrics are often used to explain the premise or theme of a movie or TV show, and can sometimes be crucial to developing a plot (e.g., musicals). *Id.* ¶ 39.

Plaintiffs thus bring six causes of action against Defendants: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"); (2) breach of implied warranty of fitness under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792.1, 1792.2 ("Song-Beverly Act"); (3) breach of implied warranty of merchantability under the Song-Beverly Act, §§ 1791.1; (4) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(A)(5) ("CLRA"); (5) violation of California's Unruh Civil Rights Act, Cal. Civ. Code § 51 ("Unruh Act"); and (6) California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*. ("FAL").

## II. Motion to Dismiss

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 2 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Moreover, the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Furthermore, "'a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on [her] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

**B. Discussion**

Plaintiffs' claims can be grouped into three categories: (1) misrepresentation claims, (2) warranty claims, and (3) Unruh Act claim.

**1. Misrepresentation Claims**

To state a claim under Plaintiffs' misrepresentation claims (i.e., UCL, CLRA, and FAL claims), Plaintiffs must allege a misrepresentation that would be likely to deceive a reasonable consumer. *See, e.g.*, *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) ("To state a claim under either the Unfair Competition law [ ] or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived."); Cal. Civ. Code § 1770(a)(5), (7), (9), and (16) (outlining that under the CLRA, a defendant is liable if it misrepresents its goods to contain certain characteristics, uses, or benefits that the goods do not have or advertises goods intended not to sell them as advertised). It is not enough that a label "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 129 Cal. Rptr. 2d 486, 495 (Ct. App. 2003). Instead, the standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

Plaintiffs allege that Defendants' advertisement of movies and TV shows as subtitled or captioned would be likely to deceive a reasonable consumer to believe that all song lyrics would be captioned. However, Plaintiffs fail to allege that this alleged misrepresentation would be likely to deceive a reasonable consumer; rather, Plaintiffs only allege that content advertised as subtitled "should include the

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 3 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

DVD feature presentation, special features, and music/song lyrics." Compl. ¶ 39. However, whether such content *should* include subtitled song lyrics is quite distinct from whether consumers expect it to.[1] Plaintiffs argue that reasonable consumers may rely on the notion that certain Studios would differ in the amount of subtitling or captioning and include captioned song lyrics, or they may expect the Studios' practice to change over time. Opp., Dkt. 22, 7, 9-10. Such arguments fall far short of demonstrating that reasonable consumers would actually be *deceived* as to the amount of subtitled content provided, as there are no representations whatsoever that all song lyrics would be captioned, or even that the content would be "fully" captioned. Instead, they merely demonstrate that the Plaintiffs hopes that the industry practice would change were not fulfilled. In fact, as to Plaintiffs specifically, it is unclear whether Plaintiffs allege they were deceived by the advertisement that the movies and TV shows were subtitled. Plaintiffs allege that "the practice of not subtitling song/music lyrics is frustratingly widespread," and they each purchased or rented "numerous DVDs" in which the content "including music lyrics, was not subtitled or captioned." Compl. ¶¶ 1-9, 36. Thus, taken together, Plaintiffs allegations not only fail to allege that reasonable consumers would be likely to be deceived by the alleged misrepresentation, but also fail to allege that they were even deceived by the alleged misrepresentation.[2]

The Plaintiffs alternatively contend that they are a particularly susceptible audience, and therefore the truthfulness of the advertising in question must be measured by the impact it will likely have on members of that group instead of by the effect on reasonable consumers. *See Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506 (2003). However, the Plaintiffs misunderstand this test. The test in *Lavie* applies to audiences who are known to be particularly susceptible to advertising, such as small children, not vulnerable audiences in general. While it may be true that the Plaintiffs must rely on the advertising to identify captioned or subtitled movies and shows, they do not explain why they would be more susceptible to persuasive advertising than any other reasonable consumers who desire to purchase a subtitled or captioned movie. Therefore, the vulnerable population exception is inapplicable here, and the reasonable consumer test applies. For the reasons stated above, the Plaintiffs have not properly alleged that reasonable consumers would be likely to be deceived by the alleged misrepresentation.

---

[1] Additionally, the Plaintiffs argue that their allegations that the DVD packaging indicating that the movie was "fully subtitled" would mislead reasonable consumers into thinking that "fully subtitled" includes song lyrics. Opp., Dkt. 22, 6 (citing Complaint, ¶ 34). However, the Complaint uses the "fully subtitled" language to describe the Plaintiffs' expectation regarding the extent of the subtitling based on the representation of the packaging. Complaint, ¶ 34. There are no allegations in the Complaint that any of the content in question actually advertises as being "fully subtitled."

[2] The Ninth Circuit recently confirmed that the "reasonable consumer" standard may be properly applied to a likelihood of deception analysis at the motion to dismiss stage of proceedings. *See Ebner v. Fresh, Inc.*, 818 F.3d 799, 806 (9th Cir. 2016).

: 

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 4 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

For the same reasons discussed above, Plaintiffs fail to adequately allege reliance on the alleged misrepresentation. *See In re Tobacco II Cases*, 46 Cal. 4th at 326 (actual reliance required for UCL claim); *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1168 (C.D. Cal. 2011) (same for FAL); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1003 (N.D. Cal. 2009) (same for CLRA). Plaintiffs contend that they relied on an understanding that the movie would be fully captioned, including song lyrics, when they made the purchases of the shows or movies. Additionally, Plaintiffs further allege that they check to see whether a movie or show is represented as "captioned or subtitled," prior to purchase or rental, and that this representation should include song lyrics.

However, other portions of the Complaint and Opposition brief demonstrate that they did not truly rely on the alleged misrepresentations. For instance, the Plaintiffs state that if they want to watch a movie or show, they must buy the captioned versions produced by the Defendants, as there are no alternatives with captioned song lyrics. Opp. at 7, 10. In effect, the Plaintiffs are conceding that they would buy or rent the products even without full captioning and subtitling, as there are no better alternatives available to them. Therefore, the Plaintiffs have not relied on the alleged misrepresentation, as they concede they would buy the movies regardless of whether the song lyrics were subtitled. In other words, the Plaintiffs' main contention is not that they relied on the misrepresentations in purchasing movies and shows they otherwise would not have purchased, but rather that these movies and shows should be fully subtitled because they are the only versions available to the Plaintiffs. This argument not only fails to allege reliance, but actually provides a strong indication that there was no reliance. Thus, the Plaintiffs' Complaint fails to allege reliance as required by the misrepresentation statutes.

Because the Plaintiffs have failed to properly allege a misrepresentation that would be likely to deceive a reasonable consumer and have failed to properly allege reliance on that misrepresentation, the Motion to Dismiss with respect to the misrepresentation claims (Counts One, Four, and Six) is GRANTED.

**2. Warranty Claims**

The Plaintiffs also assert causes of action for a breach of implied warranty of fitness and a breach of implied warranty of merchantability under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1791.1, 1792, 1792.1 ("Song-Beverly Act"). The Plaintiffs allege that the Defendants had reason to know that the Plaintiffs were relying on Defendants' skill and judgment in producing and

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 5 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

distributing movies with captions and subtitles that would meet the needs of the deaf and hard of hearing communities, and that they breached this warranty by producing and distributing movies and shows with song and music lyrics that were inaccessible to the members of that community. Complaint, ¶ 53-58. Additionally, the Plaintiffs allege a breach of the warranty of merchantability because the movies and shows were not fit for the ordinary purposes for which those goods are used. Id. at ¶ 59-64.

The warranties asserted by the Plaintiffs apply to "sale[s] of consumer goods." Cal. Civ. Code §§ 1792, 1792.1. A sale is "[t]he passing of title from the seller to the buyer for a price." Cal. Civ. Code § 1791(n). Consumer goods for the purposes of product liability laws are tangible items that can be moved, serviced, or repaired. *See Atkinson v. Elk Corp.*, 109 Cal. App. 4th 739, 754-58 (2003); *Winter v. G. P. Putnam's Sons*, 938 F.2d 1033, 1034 (9th Cir. 1991). Courts commonly distinguish between the expressive content of movies and other intellectual property with the tangible media that conveys that content, finding that only the tangible products are subject to product liability regulations. *See id.* (finding that products liability law does not govern the ideas and expression in a book).

The Court finds that the Plaintiffs have failed to allege either a sale or a consumer good as required by the Beverly-Song Act. The Plaintiffs claims involve the video content of the DVDs, streaming services, or live movies, and therefore it is that content that must have been sold in order to be subject to the regulations of the Act. However, Plaintiffs do not sufficiently allege that such a sale took place. In the case of DVDs and streaming services, the title to the video content remains with the copyright owner. The consumer may purchase title to the physical DVD, but only purchases a license to view the expressive content. *See* 17 U.S.C. § 202 ("Transfer of ownership of any material object" in which a copyrighted work is embodied "does not of itself convey any rights in the copyrighted work embodied in the object…."). As a result, while a sale occurs with respect to the physical DVD, there has been no sale with respect to the expressive video content because title has not been passed. If there has been no "sale" of the relevant good, the Beverly-Song Act does not apply by its own terms.

The Plaintiffs attempt to refute this conclusion by arguing that there has been a consignment for sale, another form of "sale" contemplated by the Beverly-Song Act. However, a "consignment" occurs when "a person delivers goods to a merchant for the purpose of sale." See CONSIGNMENT, Black's Law Dictionary (10th ed. 2014). In such situations, the merchant has not taken full title of the goods, but rather merely takes possession of the goods until the merchant is able to sell them. Such an arrangement is not at issue in this case. The Plaintiffs have bought the movies or shows for their own use, and they do not contend that they plan on selling the physical DVDs or the expressive content to another user.

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 6 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

Therefore, there has been no consignment, and the Plaintiff's argument fails. Thus, the Beverly-Song Act does not apply because the Plaintiffs have not sufficiently alleged a "sale."

Additionally, the Plaintiffs have not properly alleged that the video content of the movies and shows qualify as a "consumer good." As described above, courts have distinguished between the expressive content of intellectual property and the physical product that conveys that content, and have found that only the physical products are subject to product liability law. *See Winter*, 938 F.2d at 1034. The music and song lyrics in question in this case are clearly part of the expressive content of the movie or show. They are a part of the story depicted in the movie or show; there is no way to characterize them as an aspect of the physical item, such as the DVD itself. Therefore, the expressive content of the movies and shows, and specifically the music and song lyrics, do not constitute a consumer good, and therefore are not subject to the warranties contained in the Beverly-Song Act.

The Plaintiffs' only response to this argument is that DVDs are a consumer good. This is undoubtedly true, as the Defendants concede that a scratched DVD could be subject to warranty law. However, the Plaintiffs do not demonstrate how the expressive content of the movies or shows constitute a consumer good. Therefore, any claims involving the content of the movies and shows, including the claims in this case, do not involve a consumer good and consequently are not subject to the regulations of the Beverly-Song Act. As a result, the Plaintiffs have failed to adequately allege a sale of a consumer good, and the Motion to Dismiss with respect to the warranty claims (Counts Two and Three) is GRANTED.

**3. Unruh Act Claim**

Finally, the Plaintiffs' fifth cause of action is a violation of California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. ("Unruh Act"), which guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments. The Plaintiffs argue that the Defendants have violated the Unruh Act because they have provided services (access to music and song lyrics) to certain users but not to users who are deaf or hard of hearing, such as the Plaintiffs.

To establish an Unruh Act violation, a plaintiff "must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act." *Greater L.A. Agency on Deafness v. Cable News Network, Inc*., 742 F.3d 414, 426-27 (9th Cir. 2014) ("*GLAAD*"). Plaintiffs "must allege more than

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 7 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

the disparate impact of a facially neutral policy on a particular group" to state a claim for intentional discrimination. *Cullen v. Netflix, Inc*., 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012).

The Plaintiff's Unruh Act cause of action fails under the controlling authority set by the Ninth Circuit in the *GLAAD* case. In that case, the Ninth Circuit found that CNN's policy of not captioning online video programming did not violate the Unruh Act. Specifically, CNN's policy applied equally to all CNN.com visitors whether they were hearing impaired or not, and therefore could not possibly constitute "willful, affirmative misconduct" or intentional discrimination as required by the Unruh Act. *GLAAD*, 742 F.3d at 426 (citing *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 31 Cal. Rptr. 3d 565, 115 P.3d 1212, 1228-29 (Cal. 2005). The allegations asserted by the Plaintiffs are essentially the same as the ones at issue in *GLAAD*. The captioning and subtitling of the movies and shows are available equally to all consumers. In fact, the Defendants provide captioning and subtitling for a large portion of the video content despite not being required to do so, as the Plaintiffs only allege that some music and song lyrics are not captioned. Therefore, the Plaintiffs' Complaint fails to allege intentional discrimination for the reasons stated in the *GLAAD* case. That hearing-impaired individuals bear the brunt of the Studios' neutral policy with respect to captioning and subtitling is insufficient to support an Unruh Act claim as a matter of law. *See GLAAD*, 742 F.3d at 426 (citing *Koebke*, 115 P.3d at 1227-29).

The Plaintiffs' only acknowledgement of the *GLAAD* holding is their argument that evidence of a disparate impact may be admitted for Unruh Act claims, as the evidence may be probative of intentional discrimination in some cases. *See Koebke*, 36 Cal.4th at 854. However, this argument does not distinguish the controlling precedent. While disparate impact evidence may be admissible, the Plaintiffs do not dispute that intentional discrimination must be pled in order to maintain an Unruh Act claim. Opp., Dkt. 22, 17 (citing *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)). Further, the Plaintiffs do not address how their allegations could constitute a violation of the Unruh Act, given the holding in *GLAAD*. Therefore, the Plaintiffs' allegations, even taken as true, describe a neutral policy that applies to all consumers of the Defendants' movies and shows, and that the Plaintiffs admittedly bear the brunt of the policy does not convert the neutral policy into intentional discrimination. Such allegations are insufficient to support an Unruh Act claim under the *GLAAD* precedent, and as a result the Defendants' Motion to Dismiss with respect to the Plaintiffs' Unruh Act claim (Count Five) is GRANTED.

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 8 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

### III. Anti-SLAPP Motion to Strike

In addition to their motion to dismiss, Defendants filed a special motion to strike Plaintiffs' complaint pursuant to California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, California Code of Civil Procedure § 425.16. While Defendants prevailed on their motion to dismiss, the Court must still consider the anti-SLAPP motion because a successful anti-SLAPP motion results in the award of fees. *See Collins v. Allstate Indem. Co.*, 428 Fed. Appx. 668, 690 (9th Cir. 2011); *Wilder v. CBS Corp.*, 2016 WL 693070, at *8 (C.D. Cal. Feb. 13, 2016).

#### A. Legal Standard

The anti-SLAPP statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. P. § 425.16(b). The statute is to "be construed broadly." Cal. Code Civ. P. § 425.16(a).

An anti-SLAPP motion involves a two-step analysis. "First, the defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech. Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) (internal citations and quotation marks omitted). The defendant "need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech or that any speech was actually chilled." *Id.* (internal citations and quotation marks omitted).

#### B. Discussion

##### 1. Protected Activity In Connection With a Public Issue

"Determining whether a cause of action arises from protected speech or petitioning activity requires a focus on the principal thrust or gravamen of the cause of action. *People ex rel. Fire Ins. Exch. v. Anapol*, 211 Cal. App. 4th 809, 823 (2012), *reh'g denied* (Jan. 3, 2013), *review denied* (Mar. 20, 2013) (emphasis in original); *Martinez v. Metabolife Int'l*, 113 Cal. App. 4th 181, 188 (2003). "Where a cause of

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 9 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

action alleges both protected and unprotected activity, the cause of action will be subject to section 425.15 unless the protected activity is 'merely incidental' to the unprotected conduct." *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 103 (2004) (quoting *Scott v. Metabolife Int'l*, 115 Cal.App. 4th 404 (2004)). "'A court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis, and then permit the parties to address the issue in the second step of the analysis, if necessary.'" *GLAAD*, 742 F.3d at 422.

**a. Warranty and Unruh Act Claims**

The Plaintiffs concede that movies involve free speech. Opposition, Dkt. 24, 5. They acknowledge that the *GLAAD* case addressed captioning and subtitling as related to videos and found that the captioning of videos constitutes protected speech and is therefore subject to the anti-SLAPP provision. The Plaintiffs attempt to distinguish the present case from the *GLAAD* case by arguing that the *GLAAD* case did not involve advertising and other "statements" regarding the captioning of the videos, and instead solely involved the captions themselves. This case, Plaintiffs argue, involves such statements and advertisements and therefore involves "commercial speech," which is not covered by the anti-SLAPP statute because it does not connect to the public interest. However, the Plaintiffs' argument does not at all distinguish the Plaintiffs' warranty and Unruh Act claims from the holding in *GLAAD* because the "principal thrust" of both the warranty and Unruh Act claims is clearly the captions and subtitles themselves, not the labeling on the box. The Plaintiffs' warranty claims allege that the movies and shows do not meet the particular needs of the deaf and hard of hearing community because they are not fully subtitled. Complaint, Dkt. 1, ¶¶ 53-64. Such claims stem from the captions themselves, as changing the labeling would not ensure that the movies and shows met the needs of the Plaintiffs as stated in the Complaint.

Additionally, the cause of action under the Unruh Act similarly focuses on the captioning itself rather than the statements or advertising related to the captioning. The Plaintiffs' Unruh Act claim alleges that the Plaintiffs and other class members have not been provided services that are provided to other customers, as they have been denied access to the music and song lyrics that are not captioned. Again, this claim is essentially unrelated to the labeling of the movies and shows, as the conduct at issue in this claim is clearly the subtitles and captions themselves. A change in the labelling would not provide the relief sought by the Plaintiffs as it would not provide the access to the content of the movies and shows that is sought by the Plaintiffs. As a result, the Court finds that the Plaintiffs' warranty and Unruh Act causes of action primarily involve the captioning of the movies and shows, and therefore fall under the

_____ : _____

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 10 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

*GLAAD* precedent, which found that captioning of videos involves a protected activity in connection with a public issue.[3] Thus, the first prong of the anti-SLAPP analysis is satisfied with regards to Claims Two, Three, and Five.

The Court's conclusion that captioning qualifies as protected speech is supported by the characterization of the role of captioning and subtitling provided by both the Plaintiffs and Defendants. The Plaintiffs claim that movies or shows that do not include subtitled lyrics withhold the full enjoyment of the movie or show from deaf or hard of hearing consumers. Complaint, Dkt. 1, ¶ 40. The Defendants provide specific examples of when song or music lyrics are captioned and when they are not captioned. Many of the examples of when lyrics are not captioned include scenes in which important dialogue is spoken over background music.[4] Motion to Strike, Dkt. 18, 6. From the descriptions of both parties, it seems clear to the Court that captions, and specifically the decision regarding what content to caption, is a component of the moviemaking process, as the Studios must decide what level of captioning would provide the best experience for consumers using the caption and subtitle features. As the process of making movies and television programs is itself a matter of public interest, *see Tamkin v. CBS Broad., Inc*., 193 Cal. App. 4th 133, 143 (2011) (holding that the creative process underlying the creation of a television show constitutes a matter of public interest), the role of captioning in the process of creating a movie for consumers to enjoy provides further supports that the captions and subtitles themselves satisfy the first prong of the anti-SLAPP analysis.

**b. Misrepresentation Claims**

The first prong of the anti-SLAPP analysis of the Plaintiffs' misrepresentation claims is more complex, as the "principal thrust" of those claims is clearly the advertising and labeling of the content rather than the captions and subtitles themselves. Therefore, the Plaintiffs' argument that their claims involve purely commercial speech rather than protected content carries more weight for their

[3] To the extent that the warranty and Unruh Act causes of action involve both the captioning and the advertisements, the anti-SLAPP statute still applies. When allegations target both protected (captioning) and unprotected (advertisements related to captioning) conduct, the allegations remain subject to strike "unless the protected conduct is 'merely incidental' to the unprotected conduct." *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 672 (2005). For the reasons stated above, the captioning is clearly not "incidental" to the warranty and Unruh Act claims, and therefore the anti-SLAPP provision still applies.

[4] The Defendants cite to specific movies included in the Plaintiffs' Complaint, such as *Rain Man*, *Cars*, *The Theory of Everything*, and *Guardians of the Galaxy*. *See* Dkt. 18, 6.

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 11 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

misrepresentation claims than it does for the warranty and Unruh Act claims. However, the Court finds that even the Plaintiffs' misrepresentation claims satisfy the first prong of the anti-SLAPP analysis because the advertisements and labeling constitute acts that are "in furtherance of" the Defendants' right of free speech and are in connection with a public issue, and therefore fall under the coverage of the anti-SLAPP statute. *See* Cal. Code Civ. Proc. § 425.16(b)(1).

For the reasons stated above, captioning and subtitling movies and television shows are protected by the Defendants' right to free speech in connection with a public issue. The Court now finds that the advertising and labelling of such movies and shows are "in furtherance of" the captioning that has already been held to qualify as protected free speech. The Plaintiffs themselves have stated that they check for "captioned" or "subtitled" representations before purchasing or renting the DVD, theater ticket, or streaming service. Complaint, Dkt. 1, ¶ 41. Therefore, these representations clearly play a role in providing captioned or subtitled content to consumers who desire it, and thus must be considered as acts that are taken "in furtherance of" providing captioned or subtitled content to the right consumers. As a result, the representations and advertisements of the captioned content is not purely "commercial speech" that is not covered by the anti-SLAPP statute, but rather is a mechanism by which protected speech is disseminated to the target consumers.

The case cited by Plaintiffs is distinguishable along these lines. The Plaintiffs argue that purely commercial speech, such as advertisements, does not satisfy the first prong of the anti-SLAPP analysis because the speech is not in connection with a public issue. *Consumer Justice Center v. Trimedica Int'l, Inc.*, 107 Cal. App. 4th 595, 600 (2003). In *Consumer Justice Center*, the plaintiffs sued the defendant for claims related to advertisements for a specific pill. *Id.* at 598. In evaluating the defendant's anti-SLAPP motion, the court held that the phrase "matters of public significance" cannot possibly include "specific advertising statements about a particular commercial product, absent facts which truly make that product a matter of genuine public interest…." *Id.* at 602. However, the *Consumer Justice Center* case involved a purely commercial product, while the "product" in this case is itself protected speech that involves the public interest. Therefore, the *Consumer Justice Center* court did not have to address whether the "commercial speech" was "in furtherance of" protected speech because the underlying product was clearly not protected. In the present case, the underlying product clearly *is* protected, and therefore the advertising and labelling that informs viewers regarding the availability of captioned content meets the anti-SLAPP statute's "in furtherance" requirement.

The Court's analysis is further supported by the California legislature's commercial speech

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 12 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

exemption from anti-SLAPP lawsuits. The legislature, in response to concerns that the anti-SLAPP provision was being overused to target purely commercial speech, enacted a provision that prevented anti-SLAPP suits from being brought against "a person primarily engaged in the business of selling or leasing goods or services," when the "statement or conduct consists of representations of fact about that person's or a business competitor's business operations goods or services…." Cal. Code Civ. Proc. § 425.17(c)(1). This provision allows lawsuits against commercial sellers for misrepresentations regarding their products or competitors' products without being subjected to anti-SLAPP suits. However, the very next subsection clearly states that the exemption does not apply to actions against "any person or entity based upon the creation, dissemination, exhibition, advertisement, or other similar promotion of any dramatic, literary, musical, political, or artistic work, including, but not limited to, a motion picture or television program…." Cal. Code Civ. Proc. § 425.17(d)(2). In this subsection, the legislature clearly indicated that when the underlying product involved First Amendment issues, and specifically including movies and television shows, the anti-SLAPP exemption for commercial speech did not apply. This Court's finding is consistent with the statute, further supporting the conclusion that the anti-SLAPP statute applies even to the dissemination or advertisement of products when the products themselves qualify as protected speech connected to the public interest under the First Amendment.

**2. Likelihood of Prevailing**

Once the Court finds the anti-SLAPP movant has established covered conduct, the burden shifts to the plaintiff to demonstrate "a probability of prevailing on the claim." *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). "In denying a motion to strike on the ground that the plaintiff has established the requisite probability of success, ... the trial court necessarily concludes that the plaintiff has substantiated a legally tenable claim through a facially sufficient evidentiary showing." *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821 (2002); *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1123 (1999) (a plaintiff must have "stated and substantiated a legally sufficient claim") (quotations omitted).

For the same reasons that the Court granted Defendants' motion to dismiss Plaintiffs' claims for failure to state a claim upon which relief may be granted, the Court does not find Plaintiffs can establish a legally tenable claim. *See Adobe Sys. v. Coffee Cup Partners*, 2012 WL 3877783, at *16–18 (N.D. Cal. Sept. 6, 2012) (granting anti-SLAPP motion after dismissing claims pursuant to Rule 12(b)(6)); *Westfall v. City of Crescent City*, 2011 WL 2110306, at *11 (N.D. Cal. May 26, 2011) (same). The Court reiterates its findings above that the Plaintiffs' misrepresentation claims fail to properly allege deception or reliance,

:

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 13 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

that the warranty claims fail to allege the sale of a consumer good, and that the Unruh Act claim fails to allege intentional discrimination. For those reasons, the Court finds that the Plaintiffs have failed to demonstrate a probability of prevailing on the claim, thereby satisfying the second prong of the anti-SLAPP analysis.

In addition, even assuming Plaintiffs stated legally sufficient claims, they have failed to substantiate their claims with admissible evidence. *See HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (2004) ("In opposing an anti-SLAPP motion, the plaintiff cannot rely on the allegations of the complaint, but must produce evidence that would be admissible at trial."); *DuPont Merck Pharm. v. Super. Ct.*, 78 Cal. App. 4th 562, 568 (2000) ("It would defeat the obvious purposes of the anti-SLAPP statute if mere allegations in an unverified complaint would be sufficient to avoid an order to strike the complaint."). The Plaintiffs' Opposition to the motion to strike does not point to any substantiated facts that could sustain a judgment on the merits in the Plaintiffs' favor, but rather restates the allegations contained in the Complaint and the Opposition to the Motion to Dismiss.

Specifically, the Plaintiffs do not provide any evidence that a reasonable consumer would be deceived by the "captioned" and "subtitled" labels and advertising of the Defendants, nor do they provide any evidence that any consumers relied on the belief that those labels referred to captioned song lyrics when making their purchases. Additionally, the Plaintiffs do not provide any evidence that the transactions in question involved a sale of consumer goods as required by the Song-Beverly Act, or even that the goods purchased were unmerchantable or unfit for a particular purpose of which the Studios were aware. Finally, the Plaintiffs do not offer any evidence of intentional discrimination by the Studios, or that deaf or hard of hearing consumers were treated differently than any other consumers of the products. Therefore, the Plaintiffs have failed to meet their burden of demonstrating a probability of prevailing on their claims. As a result, the second prong of the anti-SLAPP analysis has been met for every one of the Plaintiffs' claims.

Since both prongs of the anti-SLAPP statute have been satisfied for each of the Plaintiffs' claims, the Court GRANTS the Defendants' Motion to Strike pursuant to California's anti-SLAPP statute for all causes of action.[5]

[5] The Court acknowledges that the Ninth Circuit has held that a district court may still grant leave to amend a complaint despite a successful motion to strike in order to uphold Rule 15(a)'s policy favoring liberal amendment. *See Verizon Del., Inc. v. Covad Communs. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). However, the complaint in the *Verizon* case contained additional

: 

Initials of Preparer PMC

CV-90 (10/08) CIVIL MINUTES - GENERAL Page 14 of 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-09593-SVW-JPR | Date | September 28, 2016 |
|---|---|---|---|
| Title | *Christine Anthony et al. v. Buena Vista Home Entertainment Inc. et al.* | | |

## IV. Order

For the reasons put forward in this Order, the Court GRANTS Defendants' Motion to Dismiss for all claims WITH PREJUDICE (Docket 19) and GRANTS the Defendants' Motion to Strike pursuant to California's anti-SLAPP statute for all claims (Docket 18).

IT IS SO ORDERED.

claims that were not subject to the motion to strike, while all of the claims in this case are subject to the anti-SLAPP statute. The Court finds that amendment in this case would be futile, as the Plaintiffs cannot plausibly state a claim upon which relief can be granted for any of their causes of action, for the reasons stated in this Order. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Therefore, in order to serve the purpose of the anti-SLAPP statute, which is the early dismissal of meritless claims, *see Verizon*, 377 F.3d at 1091, the Plaintiffs' claims are dismissed WITH PREJUDICE.

:

Initials of Preparer PMC